D. I. Felsenthal Co. v. Northern Assurance Co., Ltd., 205 Ill. App. 610.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 162*—*what subcontractor suing owner and contractor at law must show.* In an action under the Lien Act (Hurd's Rev. St. ch. 82, sec. 28, J. & A. ¶ 7166), to recover against the owner and contractor jointly for labor and materials furnished as subcontractor, plaintiff must show that he is entitled to a lien on the premises.

2. MECHANICS' LIENS, § 162*—*what judgment in action at law by subcontractor against contractor and owner must recite.* In an action under the Lien Act (Hurd's Rev. St. ch. 82, sec. 28, J. & A. ¶ 7166), to recover against the owner and contractor jointly for labor and materials furnished as subcontractor, the judgment must recite the date when the lien attached.

---

## D. I. Felsenthal Company for use of Charles R. Carpenter, Appellant, v. Northern Assurance Company, Limited, of London, Appellee.

### Gen. No. 22,323.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed April 10, 1917. Rehearing denied April 24, 1917. Judgment vacated April 25, 1917, and new opinion filed May 29, 1917.

### Statement of the Case.

Action by D. I. Felsenthal Company, a corporation, for the use of Charles R. Carpenter, plaintiff, against the Northern Assurance Company, Limited, of London, defendant, to recover under a fire insurance policy. From a judgment for defendant, plaintiff appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

D. I. Felsenthal Co. v. Northern Assurance Co., Ltd., 205 Ill. App. 610.

BRUNDAGE, LANDON & HOLT and JOHN J. BEILMAN, for appellant; ROBERT N. HOLT, of counsel.

PADEN & KROPF, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 668*—*when evidence is sufficient to show fire to be of incendiary origin.* In an action to recover on a fire insurance policy, evidence *held* to support a finding that the fire causing the loss was of incendiary origin.

2. CORPORATIONS—*when person holding stock is merely nominal owner.* Where the evidence shows that one received from the principal stockholders of a corporation seventy-five shares of stock therein because of financial aid rendered them and that he took fifty shares in his own name and twenty-five shares in the name of his brother-in-law, and there is no evidence that the brother-in-law ever paid any value for his shares, it is sufficient to show that the latter was merely a nominal owner and that the grantee of the fifty shares was also the real owner of the twenty-five shares.

3. CORPORATIONS, § 155*—*what is effect of failure to transfer shares of stock indorsed in blank on books.* Even though shares which are indorsed in blank and delivered are not transferred on the books of the corporation to the holder, he is the real owner.

4. CORPORATIONS—*when recovery not allowed on contract because of wrongful act of owner of all of stock.* A corporation cannot recover under a fire insurance policy for goods lost through a fire caused by the incendiarism of the real owner of all of the corporate stock.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.